NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 4 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   21-35036 |
| Plaintiff-Appellee, | D.C. Nos.   3:20-cv-01951-JO |
| v. | 3:16-cr-00436-JO-1 |
| JOHNNY ELLERY SMITH, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Argued and Submitted February 7, 2022
Portland, Oregon

Before:  PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Defendant Johnny Ellery Smith, an enrolled member of the Confederated

Tribes of Warm Springs, appeals the district court's denial of his 28 U.S.C. § 2255

motion.  We previously affirmed Smith's convictions on direct appeal, holding that

the federal government had jurisdiction to prosecute him for violations of Oregon

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable John R. Tunheim, United States District Judge for the
District of Minnesota, sitting by designation.

law committed on the Warm Springs Reservation because the Assimilative Crimes Act ("ACA") applies to Indian country. *United States v. Smith*, 925 F.3d 410 (9th Cir. 2019). Smith now seeks to vacate his convictions on the ground that the Supreme Court's subsequent decisions in *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020) and *Oklahoma v. Castro-Huerta*, 142 S. Ct. 2486 (2022) are "clearly irreconcilable" with our prior holding. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003). We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

In *Smith*, we held that the ACA applies to Indian country via the Indian Country Crimes Act ("ICCA"). 925 F.3d at 418. The ICCA extends to Indian country the "general laws of the United States as to the punishment of offenses committed in any place within the sole and exclusive jurisdiction of the United States." 18 U.S.C. § 1152. We reasoned in *Smith* that the "general laws" referred to in the ICCA are the laws governing federal enclaves. 925 F.3d at 418. Therefore, "[t]he ACA, as a federal enclave law, . . . applies to Indian country by operation of the ICCA." *Id.*

*Castro-Huerta* is not clearly irreconcilable with that holding. Smith does not dispute that the "general laws" extended to Indian country by the ICCA are the "federal laws that apply in federal enclaves." *Castro-Huerta*, 142 S. Ct. at 2495. Rather, he contends that the ACA is not among such "general laws" because "the ACA is not a federal criminal law." That question, however, was not decided in

2

*Castro-Huerta*, which made no mention of the ACA. The relevant portion of *Castro-Huerta* focused instead on whether the text of the ICCA rendered Indian country the equivalent of a federal enclave such that the federal government had exclusive jurisdiction to prosecute criminal offenses committed there. *Id.*

Finally, we also reject as unpersuasive Smith's contention that *McGirt* is clearly irreconcilable with our prior holding that his prosecution was not prohibited by the third exception to the ICCA's scope, which applies when a treaty stipulation reserves for a tribe "exclusive jurisdiction over [the relevant] offenses." *See Smith*, 925 F.3d at 420 (quoting 18 U.S.C. § 1152).[1] *McGirt* does not address the ICCA exceptions, and its reasoning does not undermine *Smith*'s analysis of them. *See id.* at 420–21.

**AFFIRMED.**

---

[1] *Smith* also held that the ACA applies to Indian country by its own terms (and not just via the ICCA). *See* 925 F.3d at 415–18. We reasoned that Indian country qualifies as a "federal enclave" under the ACA, and thus the ACA's provisions apply there. *Id.* Smith contends that this holding is undermined by *McGirt* because there is no clear expression of congressional intent to apply the ACA to the Reservation, and by *Castro-Huerta* because it implicitly held that Indian country and federal enclaves are not equivalents. We need not reach these arguments in light of our conclusion that the ACA applies to Indian country via the ICCA.